THOMAS EDWARDS, Respondent, *v.* GEORGE D. WOODRUFF, Appellant, et al., Respondents.

This action was brought to set aside, as having been obtained by fraud, a transfer by plaintiff to his partner, defendant D., of the interest of the former in the copartnership property and in certain real estate claimed by him to have been such property, and to set aside a general assignment for the benefit of creditors of the property subsequently made by D. to defendant W. The other defendants, judgment creditors of the firm, were made parties, to have their judgments declared to be a lien upon the real estate. D. answered, denying the fraud or that the real estate was copartnership property. W. answered, denying the complaint. The judgment creditors answered, admitting the complaint, asking that the transfers be declared fraudulent and void, and that a receiver of the property be appointed. No copy of this answer was served upon the attorneys for D. or W. D. died, and without a revival of the action against his representatives, the attorney for the judgment creditors, having served notice of trial on the attorney for plaintiff alone, brought the case to trial and obtained judgment by default against W., declaring the assignment void and directing payment of their claims, by a receiver who had been appointed, out of funds arising from the sale of the real estate. The cause was not noticed by plaintiff or the other defendants. *Held,* that a motion on the part of W. to set aside the judgment was improperly denied ; that the judgment creditors were not in position to take judgment against their co-defendant without having served upon him a copy of their answer, as required by the Code of Civil Procedure (§ 521) and also, a notice of trial ; that no waiver of the objection that answer had not been served could be presumed, as the judgment was by default and without notice; also, that D. was a necessary party and the

action could not legally proceed without being revived against his representatives.

(Argued June 27, 1882; decided November 28, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, made September 20, 1881, which affirmed an order of Special Term denying a motion on behalf of defendant Woodruff to set aside a judgment herein.

The nature of the action and the material facts are stated in the opinion.

*Arthur More* for appellant. The order is appealable. It was not discretionary with the court below whether the judgment should stand or not. (*Blossom* v. *Estes*, 84 N. Y. 614; *Equitable L. Ins. Co.* v. *Stevens*, 63 id. 341; *White* v. *Coulter*, 59 id. 629; *Rice* v. *Ehle*, 55 id. 518, 524; Code of Civil Procedure, § 1337.) The order appealed from affected a substantial right. (Code of Civil Procedure, §§ 521, 190, subd. 2; *Keck* v. *Werder*, 13 W. Dig. 28; *Fisher* v. *Hepburn*, 48 N. Y. 42; *King* v. *Platt's Exrs.*, 34 How. 26; *Kamp* v. *Kamp*, 59 N. Y. 212; *Hershon* v. *Ins. Co.*, 77 id. 278.) The cause could not proceed until the personal representatives or heirs at law of the defendant E. H. Downs were made parties defendant. (*Graves* v. *Spier*, 58 Barb. 349; *Haight* v. *Hoyt*, 19 N. Y. 467; *Lawrence* v. *Bank, etc.*, 35 id. 324; *Bate* v. *Graham*, 11 id. 237; *Dewey* v. *Moyer*, 9 Hun, 489; *Henderson* v. *Brooks*, 3 T. & C. 448; *Lachaise* v. *Libby*, 21 How. 362; *Livermore* v. *Bainbridge*, 49 N. Y. 125; *Chapman* v. *Foster*, 15 How. 241.) The judgment is irregular, for the reason that no copy answer of the defendants Woodruff, Spencer and Stout was served upon the defendant Wheeler, as required by section 521 of the Code of Civil Procedure. (*Garvey* v. *Jarvis*, 54 Barb. 179; *People* v. *Railroad Co.*, 5 Lans. 26; *Decker* v. *Judson*, 16 N. Y. 449; Code of Civil Procedure, § 963.)

*William Youmans* for respondents. Orders which relate to matters resting in the discretion of the court below are not

appealable to the Court of Appeals. (*Hazelton* v. *Wakeman*, 3 How. 357; *Wakeman* v. *Price*, 3 N. Y. 334; *Kerr* v. *Hayes*, 35 id. 331; *Donly* v. *Graham*, 48 id. 658; *Gedney* v. *Purdy*, 47 id. 676; *Tyng* v. *Halstead*, 74 id. 604; *Kellom* v. *Durfoo*, 78 id. 484; 41 id. 358.) Matters of practice resting in discretion are not subject to review in the Court of Appeals. Such is an order denying a motion to set aside a judgment for irregularity. (*Cotes* v. *Smith*, 31 How. 146; *Stark* v. *Dinehart*, 40 N. Y. 342; *Thompson* v. *Bullock*, 16 How. 213; *Humphreys* v. *Chamberlain*, 11 N. Y. 274; *Dunlap* v. *Edwards*, 3 id. 341; *Sherman* v. *Felt*, 2 id. 186; *Lawrence* v. *Fonley*, 73 id. 187; *Tucker* v. *Leland*, 75 id. 186; 77 id. 512; *Kirk* v. *Grey*, 13 N. Y. W'kly Dig. 28; *Vanderbilt* v. *Schreyer*, 81 N. Y. 646; *Cushman* v. *Coulter*, 50 id. 629; *McCunn* v. *N. Y. C. & H. R. R. R. Co.*, id. 176; *Arthur* v. *Griswold*, 60 id. 143; *Van Slyke* v. *Heyett*, 46 id. 259, 264.) The defendant Wheeler, being present by his attorney at the trial, and when this cause was moved, and making no objection to the trial, or suggestion to defendant's attorney or the court, has waived any irregularity, if any existed, and is now estopped from raising that question. (4 Wait's Pr. 632, 633.) This motion was addressed to the discretion of the court, and is not reviewable on appeal unless there was a clear abuse of such discretion. (50 N. Y. 296; 62 id. 75; 40 id. 342.) The defendant Wheeler has been guilty of unreasonable negligence in discharging the duties of his trust, and in such a case his acts are to be inspected with the severest scrutiny, and he is to be dealt with according to the rules of strict and rigorous justice. (Burrill on Assignments [3d ed.], § 462; Bishop on Insolvent Debtors, § 337.)

RAPALLO, J. This action was brought to set aside, as having been obtained by fraud, a transfer by the plaintiff Edwards to his partner Downs, of the plaintiff's interest in the copartnership property of the firm of Edwards & Downs, and in certain real estate which had been occupied by that firm and was claimed by Edwards to have been partnership property,

and also to set aside a general assignment of the same property subsequently made by Downs to the defendant Wheeler in trust for the payment of the partnership debts of Edwards & Downs, and the individual debts of Downs. The defendants Woodruff, Spencer and Stout were judgment creditors of the firm of Edwards & Downs, and were made defendants for the purpose of having their judgment declared to be a lien upon the real estate before mentioned, and requiring that it be first satisfied out of the proceeds thereof.

The defendant Downs answered, denying the fraud alleged, and also denying that the real estate in question was partnership property, and claiming that two-thirds thereof were his individual property, and that one-third thereof was the individual property of Edwards at the time of the transfer by him. The defendant Wheeler answered separately, denying the allegations of the complaint, and demanding that the complaint be dismissed as to him. The defendants Woodruff, Spencer and Stout answered separately, admitting the allegations of the complaint, and asking that the sale from Edwards to Downs be adjudged fraudulent and void as to Edwards, and that the assignment from Downs to Wheeler be also adjudged fraudulent and void, and that a receiver be appointed of the assigned property, and that their judgment be first paid. No copy of this answer was ever served upon the attorneys of either of the defendants Downs or Wheeler.

In November, 1876, Downs died intestate, and the action has never been revived against his representatives. In September, 1880, the attorney for the defendants Woodruff, Spencer and Stout, having served notice of trial of the action upon the attorney for plaintiff alone, and without notice of trial to the attorney of Wheeler, brought the case to trial at Special Term, and obtained a judgment by default against Wheeler, declaring the assignment from Downs to Wheeler fraudulent and void as to them, and directing the payment by a receiver, who had previously been appointed in this action, of their debt and costs from the funds in his hands. The cause had not been noticed by the plaintiff or either of the

other defendants, and no steps had been taken to revive the action against the representatives of Downs. The receiver in the action had in his hands a fund arising from the sale of the real estate before mentioned, which as claimed by Downs and Wheeler was not partnership property, but had been held by Edwards and Downs as tenants in common during the existence of the firm. This property had been sold by the receiver by consent, Wheeler uniting with the receiver in the conveyance, but the order of sale contained an express provision that it should not be construed as an adjudication of the rights and interests of the respective parties in said property, and, until the judgment by default, now sought to be set aside, there had been no adjudication that it was partnership property.

The judgment of Woodruff, Spencer and Stout was directed to be paid out of the proceeds of this land. The defendant Wheeler moved at Special Term to set aside this judgment as irregular, upon the grounds that it had been rendered after the death of the defendant Downs, without any substitution or revivor of the action, and that no copy of the answer of defendants Woodruff, Spencer and Stout had been served upon the attorney for the defendant Wheeler, as required by section 521 of the Code of Civil Procedure. The court at Special Term made an order denying the motion, but without prejudice to the right of the defendant Wheeler to make a new motion to open the judgment, or for an order that the judgment creditors refund any excess which they had received, provided the defendant Wheeler proceeds with due diligence to close up the trust, bring in all necessary parties, and have the case in readiness for trial at the next Special Term. This order was affirmed by the General Term.

We are of opinion that the court should have granted the motion. The judgment was taken by default. The defendants Woodruff, Spencer and Stout were not in a position to take a judgment against their co-defendant Wheeler, without having served a copy of their answer upon him and given him notice of trial. If there had been a trial and the defendant Wheeler had failed to make the objection that the answer

had not been served upon him, it might, under some late decisions, have been held that he had waived that objection, but the judgment having been taken by Woodruff, Spencer and Stout by default and without even notice of trial to their co-defendant, no such waiver can be presumed.

We also think that Downs was a necessary party to the action, and that it could not legally proceed without being revived against his representatives. He was interested in having his individual property applied to the payment of his individual debts, and the question whether the property sold by the receiver was or was not partnership property was one of the issues in the case. Although he had made an assignment to the defendant Wheeler, he was still interested in having the trust created by that assignment executed properly. He was also a necessary party to the action in so far as it sought to set aside the assignment of Edwards to himself, upon which his authority to make the assignment to Wheeler depended, and the case could not well proceed, nor could the funds in the hands of the receiver be properly distributed, without his being represented. If it should be determined in the action that the real estate was the individual property of Downs, and was not partnership property, even though the assignment to Wheeler should be declared void, the proceeds of the land would be liable in equity for the individual debts of Downs, in preference to partnership debts, and his executors or administrators would be entitled to administer it. His interest in those assets could not be cut off by a judgment rendered after his death. The question as to the validity of the assignment from Edwards to Downs, and of the assignment to Wheeler, affected the interests of Downs and his creditors and legal representatives, and Wheeler was entitled to be protected by a judgment which should be binding upon them.

The orders of the Special and General Terms should be reversed, and the motion granted, with costs in this court and in the Supreme Court.

All concur, excpt TRACY, J., absent.

Ordered accordingly.