(42 App. Div. 567.)

### BALCH v. CITY OF UTICA et al.

(Supreme Court, Appellate Division, Fourth Department. July 18, 1899.)

1. MUNICIPAL CORPORATIONS—CONTRACTS—AFFIRMATIVE RELIEF—PLEADING.

In an action by a taxpayer to restrain the mayor and clerk from the execution and delivery of an alleged illegal contract which the council had by resolution ordered them to execute, the bill joined the mayor, clerk, prosecutor, contractor, and city as defendants. The contractor answered separately, praying that the contract be adjudged valid, and that the clerk and mayor be directed to execute and deliver the same. None of the defendants served a copy of their answer on the mayor, nor did he serve any answer in the cause, though he appeared by attorney. Code Civ. Proc. § 521, provides that, where the judgment may determine the ultimate rights of two or more defendants as between themselves, a defendant who requires such a determination must demand it in his answer, and must, at least 20 days before trial, serve a copy of his answer on the attorney for each defendant to be affected by the determination. *Held,* a judgment in favor of defendants finding the contract valid, and directing the mayor and clerk to execute it, should be vacated on motion of the mayor, as it afforded a co-defendant affirmative relief.

2. SAME—OFFICERS.

There is no authority of law for the bringing of an action by the city or one branch of the city government against another to enforce the performance of an official duty, nor by an individual to compel official action, such as requiring the mayor to execute a contract on the part of the city.

Appeal from special term, Oneida county.

Action by Orville Balch against the city of Utica and others. There was a judgment in favor of defendant. From an order de-

nying the defendant Kinney's motion to vacate and strike out of the judgment entered in the action the following part thereof, to wit, "(2) That the mayor and clerk sign the said contract, as directed by the common council of said city, and amending the judgment accordingly," he appeals.   Reversed.

The plaintiff, a taxpayer, commenced the action against the city of Utica, Henry Stappenbeck, Thomas E. Kinney, as mayor, and John A. Cantwell, as clerk, of the city, defendants, to vacate and set aside as illegal and void certain acts of the common council, and to restrain the mayor and clerk from the execution and delivery of a contract, which, by resolution, the common council had directed the mayor and clerk to enter into with the defendant Stappenbeck for the removal of garbage from the city, and the reduction thereof, for the period of 10 years.   The defendant the city of Utica, and Cantwell, as clerk, answered jointly, alleging the validity of the proceedings of the common council, and demanded judgment:   First, that said contract with Stappenbeck be adjudged to be legal and valid, and the mayor and clerk be directed to execute and deliver the same; second, that the injunction herein be dissolved; third, such other and further relief, order, and decree as may be just and equitable, besides costs of this action.   The defendant Stappenbeck answered separately, demanding the same relief in his behalf.   The defendant Kinney, as mayor, appeared in the action by James Coupe, his attorney, but interposed no answer, and took no part in the trial or in any of the proceedings in the action.   None of the defendants served their answer upon any other defendant, and the defendant Stappenbeck did not, nor did any of the defendants, serve their answer upon the defendant Thomas E. Kinney, pursuant to section 521 of the Code of Civil Procedure.   The plaintiff served notice of trial upon all the defendants.   The defendants the city and Cantwell served the usual notice of trial on plaintiff's attorneys, but served no notice of trial upon the other defendants.   The defendant Henry Stappenbeck served no notice of trial whatever, either upon the plaintiff's attorneys, or upon any of the other defendants in the action, or upon their attorneys respectively.   The action was tried, and findings of fact and conclusions of law were made and filed; the conclusions of law as follows:   "(1) That said contract was and is a valid contract, and binding upon said city;  (2) that said mayor and clerk should sign the same as directed by said common council;  (3) that the injunction herein should be dissolved, and the complaint dismissed;  (4) judgment is therefore rendered accordingly in favor of the defendants in accordance with the above findings and conclusions, with costs in favor of said defendants the city of Utica and John A. Cantwell, and with costs in favor of defendant Henry Stappenbeck."   Judgment in the action was thereupon, on motion of G. C. Morehouse, for defendants the city of Utica and John A. Cantwell, as clerk, and S. M. Linsley for defendant Stappenbeck, entered in Oneida county clerk's office, whereby it was ordered, adjudged, and decreed:   "(1) That the contract mentioned in the complaint between the defendant Henry Stappenbeck and the defendant the city of Utica is a valid contract, and binding upon said city;  (2) that the mayor and clerk sign the said contract as directed by the common council of said city;  (3) that the injunction herein be, and the same hereby is, dissolved;  (4) that the plaintiff's complaint herein be, and the same hereby is, dismissed upon the merits;  (5) that the defendants, the city of Utica and John A. Cantwell, as clerk, do recover of the said plaintiff the sum of one hundred and fifty-two and $36/100$ dollars, their costs and disbursements herein, and that they have execution therefor, and that the defendant Henry Stappenbeck recover of the said plaintiff the sum of seventy-six and $83/100$ dollars, costs and disbursements herein, and have execution therefor."   A copy of the judgment was served on the defendant Kinney and upon his attorney.   This motion came on to be heard upon an order to show cause why the following provisions contained in a judgment, to wit, "(2) That the mayor and clerk sign said contract as directed by the common council of said city," should not be ordered vacated and stricken out of said judgment, and said judgment be corrected and amended accordingly, and why the defendant Thomas E. Kinney should not have such other or further order and relief in the premises as may be just and equitable."

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and NASH, JJ.

James Coupe, for appellant.

G. C. Morehouse, for respondents city of Utica and Cantwell.

S. M. Linsley, for respondent Stappenbeck.

NASH, J. The court did not acquire jurisdiction to grant affirmative relief to either of the defendants against the other. Section 521 of the Code provides:

"Where the judgment may determine the ultimate rights of two or more defendants as between themselves, a defendant who requires such a determination must demand it in his answer, and must at least twenty days before the trial serve a copy of his answer upon the attorney for each of the defendants to be affected by the determination, and personally or as the court or judge may direct upon defendants so to be affected who have not duly appeared therein by attorney."

The provision is peremptory that the party to be affected must be served with a copy of the answer, and no affirmative relief can be granted by one defendant against another without it (Ostrander v. Hart, 130 N. Y. 406, 29 N. E. 744; McGuckin v. Milbank, 83 Hun, 473, 31 N. Y. Supp. 1049), and also with notice of trial (Edwards v. Woodruff, 90 N. Y. 396). The remedy of the aggrieved party is by motion. Code Civ. Proc. § 1283; Edwards v. Woodruff, 90 N. Y. 400. It may be added that the only judgment the findings of the court authorized was a dismissal of the complaint and a dissolution of the injunction, with costs. There is no authority of law for the bringing of an action by the city, or by one branch of the city government, against another to enforce the performance of official duty, nor by an individual to compel official action, such as requiring the mayor of the city to execute a contract on the part of the city.

Order of the special term denying the motion of the defendant Kinney reversed, with $10 costs and disbursements of the appeal against the respondents the city of Utica, John A. Cantwell, and Henry Stappenbeck, together with $10 costs of motion at special term. All concur.