KNICKERBOCKER TRUST COMPANY, as Trustee, Appellant, *v.* ONEONTA, COOPERSTOWN AND RICHFIELD SPRINGS RAILWAY COMPANY et al., Defendants.

HENRY W. BEAN et al., Appellants; DANIEL M. LOUNSBURY et al., as Executors of JOHN W. LOUNSBURY, Deceased, Respondents.

1. PLEADING. A defendant, without the service of an answer by himself, cannot require a determination of the ultimate rights of himself and a co-defendant as between themselves, on an answer demanding such determination served on him by such co-tenant.

2. ACTION TO FORECLOSE RAILROAD MORTGAGE — NONSUIT. In an action by the trustee to foreclose a railroad mortgage, the complaint alleged the issue of the bonds, default in payment of coupons and a request by a majority of the bondholders that the whole principal be declared due and for its foreclosure; the railroad defaulted in the defense of the action. Subsequently executors holding some of the bonds were permitted to intervene and answered alleging ownership of such bonds, put in issue the default as alleged by plaintiff and set up affirmative defenses which were claimed to render the great majority of the bonds

issued under the mortgage invalid and not entitled to share in the lien created thereby; the alleged request by the plaintiff was also denied; others claiming to be a bondholders' committee were also permitted to intervene and answered, alleging ownership of 1,110 of the bonds, demanded judgment as prayed for by plaintiff, and also that their title to said bonds be affirmatively established; the executors served their answer upon the bondholders' committee, but the committee did not serve its answer upon the executors.  Upon the trial the executors defaulted; the judgment (1) dismissed the answers of the executors; (2) declared the committee to be the owner of the bonds mentioned in the answer; (3) directed the referee after sale to take proof as to who were the holders and owners of the various bonds, except those the title to which was determined by the judgment.  Subsequently the Special Term denied a motion by the executors to strike out the first two provisions of the judgment and amend the third so as to direct the referee to take proof generally as to the ownership of all the bonds, which order was reversed by the Appellate Division.  *Held,* that so far as any issue was raised by the answer of the executors that required affirmative proof on their part to entitle them to relief, the proceedings at the trial amounted to a nonsuit only; that the order of the Appellate Division, so far as it struck out of the judgment the adjudication of the title of the bondholders' committee, and directed the referee to take proof as to ownership of all the outstanding bonds, was correct and should be affirmed.

*Knickerbocker Trust Co.* v. *Oneonta, C. & R. S. Ry. Co.,* 116 App. Div. 78, affirmed.

(Argued February 20, 1907; decided March 5, 1907.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 19, 1907, which reversed an order of Special Term denying a motion to strike out certain portions of a judgment of foreclosure and sale, entered in the above-entitled action, and granted such motion.

The facts, so far as material, and the questions certified are stated in the opinion.

*Charles E. Hotchkiss, Lynn J. Arnold* and *Garrard Glenn* for plaintiff, appellant.  A judgment, binding as between the plaintiff and one defendant and as between the plaintiff and another defendant, is equally binding as between the two defendants themselves if it determined material issues between the plaintiff and the two defendants separately.

(*Craig* v. *Ward*, 3 Keyes, 387 ; *Leavitt* v. *Wolcott*, 85 N. Y. 212; *Pratt* v. *Johnston*, 59 App. Div. 52; *C. & V. Ry. Co.* v. *Fosdick*, 106 U. S. 47 ; *F. L. & T. Co.* v. *N. Y. & N. Ry. Co.*, 150 N. Y. 436 ; *Elliott* v. *Pell*, 1 Paige, 263 ; *Jones* v. *Grant*, 10 Paige, 348 ; *Chamley* v. *Dunsany*, 2 Sch. & Lef. 718 ; *Morrice* v. *Sanford*, 11 Cl. & F. 667.) All of the findings of fact and conclusions of law with reference to the ownership of the 1,110 bonds, and all of such determinations of the judgment were consistent with the case made by the complaint and embraced within the issue. (*Bell* v. *Merrifield*, 109 N. Y. 202 ; *N. T. Bank* v. *Wetmore*, 124 N. Y. 253 ; *Murtha* v. *Curley*, 90 N. Y. 376 ; *Valentine* v. *Richardt*, 126 N. Y. 272 ; *Cassagne* v. *Marvin*, 143 N. Y. 292 ; *H. T. C. Co.* v. *Doyle*, 133 N. Y. 603 ; *E. S. Bank* v. *Clute*, 33 Hun, 82 ; *Coleman* v. *Ryan*, 33 Misc. Rep. 715 ; *Wagstaff* v. *Marcy*, 25 Misc. Rep. 121 ; 1 Freeman on Judg. [4th ed.] § 70.) The Lounsbury executors were estopped from claiming any relief under their motion to modify the judgment. (*Jones* v. *Reilly*, 68 App. Div. 118; 174 N. Y. 97 ; *King* v. *U. Ins. Co.*, 6 How. Pr. 485 ; *Fletcher* v. *Barber*, 31 N. Y. Supp. 239 ; *F. L. & T. Co.* v. *N. Y. & N. R. Co.*, 150 N. Y. 436 ; *N. Y. I. Co.* v. *N. W. Ins. Co.*, 21 How. Pr. 234 ; *Gridley* v. *Gridley*, 7 Civ. Pro. Rep. 215 ; *Siriani* v. *Deutsch*, 12 Misc. Rep. 213 ; *Brooks* v. *Hanchett*, 36 Hun, 70.) The issues as to the ownership of the bonds were not irrelevant or immaterial because they were not tendered by the plaintiff. (*Goebel* v. *Iffla*, 111 N. Y. 170 ; *Fletcher* v. *Barber*, 31 N. Y. Supp. 239 ; *A. C. S. Inst.* v. *Burdick*, 87 N. Y. 40 ; *Brown* v. *Volkening*, 64 N. Y. 76 ; *Keeler* v. *Keeler*, 102 N. Y. 30 ; *Meyer* v. *Lathrop*, 73 N. Y. 315 ; *Older* v. *Russell*, 8 App. Div. 518; *Chester* v. *Jumel*, 24 N. Y. S. R. 229 ; *Hill* v. *McMahon*, 81 App. Div. 324; *M. Bank* v. *Thomson*, 55 N. Y. 7 ; *Vandenburgh* v. *Mayor*, etc., 7 N. Y. Supp. 675.)

*Joseph G. Deane* for defendants, appellants. The Special Term under the pleadings and proof herein properly rendered

a judgment that these appellants owned 1,110 bonds. Such finding was material and necessarily embraced within the issues and consistent with the case made by the complaint. (*F. L. & T. Co.* v. *N. Y. & N. R. R. Co.*, 150 N. Y. 414; *C. & V. R. R. R.* v. *Fosdick*, 106 U. S. 47.)

*Henry C. Henderson* and *William A. Davidson* for respondents. Even if it can be held that the defendants Lounsbury did demand such an adjudication as between themselves and the reorganization committee, still the first question should be answered in the negative. (*Grace* v. *Fassott*, 67 App. Div. 443; *Colyer* v. *Guilfoyle*, 47 App. Div. 302; *Earle* v. *Earle*, 73 App. Div. 300; *Everett* v. *Everett*, 75 App. Div. 369.) The court had no power to grant affirmative relief to one co-defendant against another unless such co-defendant's answer was served upon the other defendants at least twenty days before trial. (Code Civ. Pro. § 521; *Ostrander* v. *Hart*, 130 N. Y. 406; *Hinkle* v. *L. Ins. Co.*, 108 App. Div. 316; *Balch* v. *City of Utica*, 42 App. Div. 567; *Edward* v. *Woodruff*, 90 N. Y. 396; *Weston* v. *Stoddard*, 60 Hun, 290; *Payn* v. *Grant*, 11 Wkly. Dig. 197; *Meigs* v. *Willis*, 5 Civ. Pro. Rep. 106; *McGuckin* v. *Milbank*, 83 Hun, 473; 152 N. Y. 297; *Mason's Supplies* v. *Jones*, 58 App. Div. 231.) The court had no power to adjudicate upon the matters set forth in the judgment and which are the subject of the appeal herein. (*Earle* v. *Earle*, 73 App. Div. 301; *Mathot* v. *Triebel*, 102 App. Div. 426; *Rogers* v. *N. Y. & T. L. Co.*, 134 N. Y. 197.)

Cullen, Ch. J. This action was instituted by the plaintiff as trustee to foreclose a mortgage of the Oneonta, Cooperstown and Richfield Springs Railway Company to secure the payment of bonds aggregating the amount of $1,500,000. The complaint alleged the issue of 1,364 of such bonds ($1,000 each), default in the payment of coupons on said bonds which matured May 1, 1903, May and November, 1904, and May, 1905, and a request by a majority of the bondholders that the whole

principal be declared due under the terms of the mortgage and for its foreclosure. The railroad defaulted in the defense of the action. In December, 1905, a bondholder having applied for a stay of the action the Appellate Division denied such stay on the plaintiff's stipulating to admit as parties defendant to the action any bondholder who might intervene and file his answer before the 12th of that month. In pursuance of this order the respondents who, as executors of John W. Lounsbury, deceased, held 17 of the mortgage bonds, intervened and answered. They alleged the ownership of such bonds, put in issue the default as alleged by the plaintiff and set up several affirmative defenses which they claimed rendered the great majority of the bonds issued under the mortgage invalid and not entitled to share in the lien created thereby. They also put in issue the alleged request on the plaintiff by a majority of the bondholders for the foreclosure of the mortgage and for a declaration that the principal was due.

The appellants, Henry W. Bean and others, who claimed to be a bondholders' committee and the owners of 1,110 of the bonds also intervened and answered. They alleged ownership of the 1,110 bonds, demanded judgment as prayed for by the plaintiff, and also that their title to said bonds be affirmatively established. The intervening defendants Lounsbury served their answer on the defendants Bean and others, but Bean and his associates did not serve their answer on the intervening defendants Lounsbury. The plaintiff forced the action to trial which the Lounsburys seem to have resisted. On the trial being directed to proceed they defaulted. Plaintiff submitted its proof on which the court made findings and directed a judgment of foreclosure. This judgment contained three provisions of which the defendants Lounsbury complained and made the subject of the application now before us. The judgment dismissed the answer of the defendants Lounsbury, with costs; it declared Bean and others to be the owners of the 1,110 bonds mentioned in their answer, and directed the referee, after sale, to take proof as to who were the holders and owners of the various bonds except those the title to

which was determined by the judgment, to wit, the 1,110 bonds of Bean and others. After the sale the defendants Lounsbury moved to strike out the first two of these provisions and amend the third, so as to direct the referee to take proof generally as to the ownership of all the bonds. The application was denied at the Special Term. The order denying it was reversed by the Appellate Division, which has granted an appeal to this court, certifying for our determination the following questions: 1. May a defendant, without the service of an answer by himself, require a determination of the ultimate rights of himself and a co-defendant as between themselves on an answer demanding such determination served on him by such co-defendant? 2. Did the Special Term, under the pleadings and proof herein, properly render a judgment determining as between the defendants the ownership of the bonds?

We think the plaintiff, doubtless, might have prayed for a determination in the action of the rights and interests of all its *cestuis que trust*, the holders of the bonds issued under the mortgage, as a part of the judgment of foreclosure. Such a judgment, proper notice being given to all the claimants of the bonds to appear and assert their rights, might have precluded all the parties and determined the rights of the *cestuis que trust* among themselves. But the plaintiff did not ask for such relief. All that it was necessary for the plaintiff to establish to entitle itself to a judgment of foreclosure was that there were outstanding valid obligations issued under the mortgage and that the railroad company had made default in their payment. In such an action it was immaterial who owned the bonds, provided the railroad company owed the obligations. The issue as to the title and validity of the various bonds was interjected solely by the answer of the defendants Lounsbury under their claim for affirmative relief, which was in the nature of a counterclaim. Their failure to appear upon the trial and establish their right to the relief prayed for operated the same as a nonsuit would have done in an action brought by them. (*Honsinger* v. *Union Carriage &*

*Gear Co.*, 175 N. Y. 229.) We think it had that effect and nothing more. Had the defendant Bean and others served their answer on the defendants Lounsbury, they might have had an adjudication· on their title to the 1,110 bonds, not because the Lounsburys challenged it, but because they themselves had demanded the adjudication. We think, therefore, that the order below, so far as it struck out of the judgment the adjudication of the title of the appellants Bean and others, and also directed the referee to take proof as to the ownership of all the outstanding bonds was correct, and that the questions certified should be answered in the negative. We are at a loss to see any reason why the direction of the judgment which dismissed the claims of the defendants Lounsbury arising on their answer, with costs, in favor of their co-defendants Bean and others was not proper, but as that question has not been certified to us we cannot deal with the subject.

We wish to define exactly the extent of this decision. So far as any issue was raised by the answer of the intervenors Lounsbury that required affirmative proof on their part to entitle them to relief, we hold that the proceedings at the trial amounted only to a nonsuit, but as to the allegations in the complaint which those defendants put in issue by their answer, and which it was necessary for the plaintiff to prove to entitle itself to judgment, a very different question is presented. It was necessary as against the railroad company for the plaintiff to prove the existence of the outstanding bonds and the amount due thereon. Had the defendants Lounsbury not been parties to the action, while the railroad could not have disputed the amount found due by the judgment, it is probable that any bondholder could challenge the validity of other bonds to the extent necessary to obtain full payment of his own. But in this case the defendants Lounsbury had an opportunity to litigate the amount of the· outstanding indebtedness entitled to share in the security of the mortgage. They denied the allegation of the complaint in this respect, and though those defendants made default, the interposition of their answer made it necessary for the plaintiff to prove what bonds were

outstanding.   Therefore, while in the proceeding to distribute the purchase money the respondents Lounsbury will be at liberty to show that they are the owners of any of the 1,110 bonds claimed to be owned by Bean and the other parties, it may very well be that they will be concluded by the judgment that these are outstanding obligations and entitled to share in the security of the mortgage.   That question is not presented by this appeal, and, therefore, we do not determine it.

The order appealed from should be affirmed, without costs, and the questions certified answered in the negative.

GRAY, EDWARD T. BARTLETT, HAIGHT, VANN, WERNER and CHASE, JJ., concur.

Order affirmed.