NEW NETHERLAND BANK OF NEW YORK, Plaintiff, *v.* BOUCHERON Co., INC., and Others, Defendants.

Supreme Court, New York Special Term, January, 1924.

Pleadings — action of interpleader — plaintiff alleges possession of certificate of stock and conflicting claims thereto — answer of defendant corporation claiming stock not served on codefendants — defendant corporation not entitled to relief sought — provision of Civil Practice Act, § 264, that defendants to be affected by answer of codefendant must be served therewith is mandatory — judgment for plaintiff — defendant corporation denied relief.

The plaintiff is entitled to judgment in an action of interpleader where the plaintiff alleges the deposit of certain certificates of stock with it under an agreement between the defendant corporation and another, the conflicting claims of the various defendants to such stock, and asks that the several defendants be enjoined from proceeding against the plaintiff in relation to said stock, that the defendants be required to interplead concerning their claims, and that some person be authorized to receive said certificates pending the

litigation, and it appears that the defendant corporation was the only one to interpose an answer although general notices of appearance were filed on behalf of the other defendants, and that the defendant corporation in its answer seeks to have the certificates delivered to it as its property and demands affirmative relief to that effect but the answer was served only upon the plaintiff and not upon the codefendants.

Under section 264 of the Civil Practice Act providing that " Where the judgment may determine the ultimate rights of two or more defendants, as between themselves, a defendant who requires such a determination must demand it in his answer, and at least twenty days before the trial must serve a copy of his answer upon the attorney for each of the defendants to be affected by the determination," the provision that the party to be affected must be served with a copy of the answer is peremptory and no affirmative relief can be granted to one defendant against another without such service.

Accordingly, the defendant corporation in view of the fact that it did not serve a copy of its answer upon the other defendants is not in a position to take judgment against them.

The codefendants of the defendant corporation are not in default and are entitled to urge the objection that a copy of the answer of the defendant corporation was not served upon them.

Action of interpleader.

*Loeb, Ash & Weiler (Leo C. Weiler,* of counsel), for plaintiff.

*Coudert Brothers (Thomas W. Kelly,* of counsel), for defendant Boucheron Co., Inc.

*Louis F. Stumpf,* for defendant Cecil W. Simpson.

*Joseph Dannenberg,* for defendant Dorothy Kenyon, as trustee·

Giegerich, J.  The action is one of interpleader.  The complaint alleges the deposit of certain certificates of stock with the plaintiff under and by ·virtue of an agreement between the defendant Boucheron Co., Inc., and one Annette Simpson, the conflicting claims of the various defendants thereto and the relief prayed for is that the several defendants be enjoined from proceeding against the plaintiff in relation to the said stock certificates; that the defendants be required to interplead together concerning their claims to the said certificates; that some person be authorized to receive the said certificates of stock pending such litigation and that upon delivering the said certificates of stock to such person the plaintiff be discharged from all liability to any of the defendants in relation thereto.  The defendant Boucheron Co., Inc., was the only defendant to interpose an answer, although general notices of appearance were filed on behalf of the other defendants.  The answer of the said defendant Boucheron Co., Inc., sets forth the facts upon which it predicates its claim that the certificates be delivered to it as its property and demands affirmative relief to that effect.  This answer, however, was not served upon its code-

fendants, but only upon the plaintiff. Upon the trial the defendant Boucheron Co., Inc., adduced proof in support of the affirmative allegations contained in its answer and now asks that it be decreed to be the owner of the said certificates, basing its claim for such relief upon the cases of *Richards* v. *Salter*, 6 Johns. Ch. 445, and *Badeau* v. *Rogers*, 2 Paige, 209, which in effect hold that where one of the defendants in an action of interpleader defaults such defendant will be deemed not to have supported his claim to the fund in dispute and that possession thereof will as a result be decreed to the one establishing a title. The cases so relied on were decided before the enactment of section 521 of the Code of Civil Procedure, now section 264 of the Civil Practice Act. In support of such contention the argument is made that subdivision 1 of section 474 of the Civil Practice Act, formerly section 1204 of the Code of Civil Procedure, empowers the court to render judgment determining the ultimate rights of the parties on the same side as between themselves and granting to a defendant any relief to which he is entitled, and that such section and the said section 264 of the Civil Practice Act follow and preserve the equity practice existing previous to their adoption, and that hence they cannot be said to have superseded the equity practice adopted in the cases of *Richards* v. *Salter* and *Badeau* v. *Rogers, supra.* In the instant case, although the defendant Cecil W. Simpson has defaulted in pleading, a general notice of appearance was filed on his behalf and he was represented by counsel at the trial. It is now claimed that he has a meritorious claim to the certificates in question; that he did not interpose an answer because he had no objection to the certificates being placed in the hands of a custodian as demanded in the complaint; that he did not reply to the answer of the defendant Boucheron Co., Inc., because it was never served upon him and, last, that he is ready to proceed to litigate his claim to the certificates as soon as a direction to that effect is made by this court in accordance with the prayer for relief of the complaint. It would appear that section 1204 of the Code of Civil Procedure, above referred to, was a substantial re-enactment of section 274 of the prior Code; that it was remarked in several cases in respect to the latter section that the affirmative relief therein spoken of was relief against the plaintiff, and one of the reasons given for this construction was that such section contained no provision for an issue as between codefendants or for any notice from one to the other of any hostile claim made by them respectively, and that such difficulty as to defendants who appeared and answered was removed by the enactment of the said section 521 of the Code of Civil Procedure, a new provision not contained in the

former Code.    *Kenney* v. *Apgar*, 93 N. Y. 539, 547.    The court in *Albany City Savings Inst.* v. *Burdick*, 87 N. Y. 40, 46, speaking of section 521 of the Code of Civil Procedure, said that it " confers no new power upon the courts acting in equity, but is simply a regulation of practice," and in *Met. Trust Co.* v. *Tonawanda, etc., R. R. Co.*, 43 Hun, 521, 527, the court, citing *Kenney* v. *Apgar, supra,* said that such section extended the application and practical effect of section 1204 of the Code of Civil Procedure and that such view " does not necessarily result from, or require the conclusion of any enlargement of the power of the court by the provisions of section 521; but, as a matter of practice, extended and regulated by that section, the manner of the exercise of the power of the court. is enlarged and the means are provided to parties defendant in proper cases to extend the operation and effect of the provisions of section 1204."    In *Stewart* v. *Blatchley*, 8 Misc. Rep. 472, 476, it is said that " the text writers on practice seem to construe sections 521 and 1543 of the Code of Civil Procedure as the only means of regulating the practice determining controversies between codefendants, and thus recognize the rule as conferring no new powers on the court, but simply as a regulation of practice in these controversies.    *Albany City Sav. Institution* v. *Burdick*, 87 N. Y. 40."    It should be pointed out that section 1543 of the Code of Civil Procedure as rewritten with substance unchanged is now section 1022 of the Civil Practice Act.    In *Havana City Railway Co.* v. *Ceballos*, 49 App. Div. 421, 422, the court, construing sections 521 and 522 of the Code of Civil Procedure, among other things, said: " Whatever was the practice before the adoption of the Code of Civil Procedure, these provisions of the Code settled the practice under it."    As already stated, section 521 of the Code of Civil Procedure has been re-enacted in section 264 of the Civil Practice Act, which provides as follows:    " Where the judgment may determine the ultimate rights of two or more defendants, as between themselves, a defendant who requires such a determination must demand it in his answer, and at least twenty days before the trial must serve a copy of his answer upon the attorney for each of the defendants to be affected by the determination, and personally, or as the court or judge may direct, upon defendants so to be affected who have not duly appeared therein by attorney. The controversy between the defendants shall not delay a judgment to which the plaintiff is entitled, unless the court otherwise directs."    The foregoing provision that the party to be affected must be served with a copy of the answer is peremptory, and no affirmative relief can be granted to one defendant against another without such service.    *Balch* v. *City of Utica, No. 2,* 42 App. Div.

567, 570; *Edwards* v. *Woodruff*, 90 N. Y. 396, 400; *Ostrander* v. *Hart*, 130 id. 406, 413; *Masons' Supplies Co.* v. *Jones*, 58 App. Div. 231, 234; *Knickerbocker Trust Co.* v. *O., C. & R. S. R. Co.*, 188 N. Y. 38. That being so, the defendant Boucheron Co., Inc., in view of the fact that it did not serve a copy of its answer upon the other defendants, is not in a position to take judgment against them. It is claimed by the said defendant that the other defendants are in default and that by reason thereof it is urged that the court should find that it is entitled to the possession of the certificates of stock. It is well settled that a judgment in favor of one defendant against another cannot be entered upon the default of the latter unless he had notice and an opportunity to defend as against his codefendant. *Ostrander* v. *Hart, supra*, 413, and citations. The said defendant Boucheron Co., Inc., has not met this requirement, and since there was a failure on its part to serve its answer on the other defendants no issue has been raised in this case between the defendants, and the said defendant is, therefore, not entitled to a finding of the character sought. It will be seen from what has preceded that so far as concerns the application of the said defendant Boucheron Co., Inc., for affirmative relief the other defendants are not in default and they have a right to urge the objection that a copy of the answer of the said defendant was not served upon them. *Edwards* v. *Woodruff, supra*. The only issue raised by the answer of the defendant Boucheron Co., Inc., to the complaint was that certain other parties had made claim to the stock and the plaintiff adduced evidence in support of the allegations of the complaint with respect to such question. From a consideration of the whole case I am clearly of the opinion that the plaintiff is entitled to judgment as indicated in its proposed conclusions of law as found by me. The requests for findings of the respective parties have been passed upon as indicated on the margins thereof. Submit for my signature on notice a decision embodying, without change of language, all findings made by me. All papers received by me, including copy pleadings, exhibits, stenographer's minutes and requests to find with my notations, have been returned to the clerk, to whom all further papers are to be handed in, with proof of service.

Judgment accordingly.