EDWARD REIFFIN, as Executor, etc., of ROSE PERLMAN, Deceased, Plaintiff, *v.* INDEPENDENT ORDER BRITH ABRAHAM, Defendant. and NATHAN PERLMAN and Others, Impleaded Defendants.

Municipal Court of New York, Borough of Manhattan, Second District, February 3, 1932.

*John Bogart*, for the plaintiff.

*Jacob Weinberger*, for the defendant, Independent Order, etc.

*Philip E. Semel* [*Morris Permut* of counsel], for the defendants Perlman, Holstein and Sharlach.

*Arthur Schrier*, for the defendant Hirsch & Schwartz.

LAUER, J. Two actions were brought involving policies issued by the defendant Independent Order Brith Abraham. One action was upon a policy upon the life of Jacob Perlman and one policy upon the life of his wife, Rose Perlman. The action upon the policy of Rose Perlman was determined by the verdict of the jury and is not now before me. In the other action, that brought upon the policy issued upon the life of Jacob Perlman, the plaintiff upon the trial failed in his proof and the complaint was dismissed as against him.

Nathan Perlman, Dorothy Holstein and Daisy Sharlach, as the children of Jacob Perlman, deceased, claim this fund, and impleaded with them are the defendants Louis Hirsch and Joseph Schwartz, the undertakers who buried Jacob Perlman. The defendants among themselves agreed that the undertakers' bill, represented by the claim of the defendant Hirsch & Schwartz, should be adjusted at $295.

The question which was left open for decision was whether or not the defendants, without any *proof* of their right to the deposited fund, would be entitled to the fund upon the dismissal of the plaintiff's complaint. No affirmative proof was offered on the part of the defendants to show that they were entitled to the fund. No authority is called to my attention on behalf of the defendants showing that they are entitled to an award of the fund in the custody of the court where no affirmative proof is given of the claim represented by those defendants.

The defendants cite in their briefs three cases, none of which, however, supports their contention. The case of *Greenblatt* v. *Mendelsohn* (46 Misc. 554) contains an illuminating opinion by Mr. Justice SEABURY of the City Court, giving the history of interpleader. This case decided that the plaintiff was entitled to recover against the interpleaded defendant in default where the defendant failed to answer a supplemental complaint. In the case of *Union Pacific R. R. Co.* v. *Belek* (211 Fed. 699), cited by defendants in support of their position, which was a case of a dispute between police officers as plaintiffs and some boys who had assisted in apprehending certain robbers for whose arrest an award had been offered, it was held that the police officers, by reason of their positions, were not entitled to a reward and the fund was awarded

to the other claimants, the boys before mentioned. However, the facts of the service rendered by the boys connected with the apprehension of the robbers were made to appear to the court, and on those facts and because of the disqualification of the plaintiffs, the award was made to the defendants, the boys. I can see nothing in that case which supports the defendants' contention. The only other case cited is that of *Mc Namara* v. *Provident Savings Life Assurance Society of New York* (114 Fed. 910). In that case the interpleaded defendant who received the award of the fund deposited, according to the opinion, " asserted title in his answer and established the same by full proof." The court held that a defendant in default was in no position to complain of the decree.

The answer of the defendants Perlman, Holstein and Sharlach pleads, (1) a general denial; (2) an affirmative defense that under the terms of the death benefit those defendants, as children of Jacob Perlman, deceased, were entitled to the moneys due and payable from the Independent Order Brith Abraham less the sum of $295 payable to Hirsch & Schwartz, the undertakers, and (3) alleges as a counterclaim the same state of facts as set forth under the affirmative defense just referred to.

It is to be observed that no proof was offered of the affirmative defense nor of the counterclaim, nor did any facts appear during the trial which disclosed any right of these defendants to the deposited fund.

The order which relieved the Independent Order Brith Abraham of further liability to all the parties, including the interpleaded defendants, upon the deposit of the amount of the death benefit, provided, among other things, " that this action shall thereupon [that is, upon service of the supplemental pleadings] proceed against said impleaded defendants to such judgment as may be proper in the premises."

What, then, is the judgment that is proper in the premises? The plaintiff having failed in his proof to show that he was entitled to the fund on deposit, as I see it, the court can merely dismiss the complaint as against him because of failure of proof. It really was not a dismissal upon the merits.

In a somewhat similar case to that before me, that of *Ireland* v. *Ireland* (42 Hun, 212), the General Term of the Supreme Court for the Third Department, through Judge LANDON, have this to say: " The insurance association was thus allowed to drop out of the contest, upon the theory that it was ready to pay the rightful claimant. Its payment of the money does not in any way better or prejudice the legal position of either party against the other. The party that succeeds must make a case that would have entitled

her to succeed against the association." It is true that this quotation is a dictum, but it embodies, as I see it, a correct statement of the law applicable to the present situation in the case before me.

The claim of the defendant Hirsch & Schwartz is dependent upon the claim of the defendants Nathan Perlman, Dorothy Holstein and Daisy Sharlach. If these latter defendants have no right to the fund deposited by the defendant Independent Order Brith Abraham, then the interpleaded defendant Hirsch & Schwartz have no claim or standing.

It seems to me, therefore, that the position the court must take is that none of the parties has made out a case entitling him or them to the fund in dispute.

The plaintiff's complaint will be dismissed without prejudice to a new action, and the counterclaims of the several defendants will be dismissed without prejudice to new actions thereon.

If all parties consent to a new trial so that the rights of the parties to the fund deposited in court may be determined in the present action rather than in a new action, I will agree to that disposition of the matter. Upon such consent, a proper form of order to that effect may be submitted.

If the parties are unwilling to consent to a new trial so that the rights of the parties may be disposed of in the pending action, then a proper order may be submitted to me on one day's notice in accordance with the decision herein indicated.