GEORGE H. REICH, Respondent, *v.* CITY OF NEW YORK, Appellant-Respondent, and EDWARD T. REILLY et al., Defendants and Third-Party Plaintiffs-Appellants. LONDON & LANCASHIRE INDEMNITY COMPANY OF AMERICA, Third-Party Defendant-Respondent.

First Department, November 25, 1958.

*John A. Murray* of counsel (*Seymour B. Quel* with him on the brief; *Peter Campbell Brown, Corporation Counsel*), for appellant-respondent.

*Wm. Francis Corson* of counsel (*Daniel F. Cohalan* and *Peter F. Rooney* with him on the brief; *Garey & Garey,* attorneys), for defendants and third-party plaintiffs-appellants.

*Irving Payson Zinbarg* for respondent.

*Joseph Kane* of counsel (*Evans, Orr, Gourley & Pacelli,* attorneys), for third-party defendant-respondent.

*Per Curiam.* These appeals arise out of an action for personal injuries sustained by plaintiff. After trial by the court plaintiff was awarded a judgment of $15,000. Defendant City of New York was granted judgment over against the owners of the premises involved. The judgment also dismissed the third-party complaint of the owners against their insurer, the court holding that notice of the accident had not been given within a reasonable time.

Plaintiff claimed that he fell over a defective fence on the sidewalk surrounding the basement areaway at premises 201 East 21st Street in the City of New York. He testified that he had stepped into the doorway for the purpose of lighting a cigar and that as he " stepped back * * * to walk away " he fell over the westerly end of the fence and into the basement areaway. The accident occurred at dusk.

There was a sharp issue in the case as to whether plaintiff at the time he fell was intoxicated. He maintained that on that day he had not had a single drink prior to the accident. On the other hand three witnesses gave evidence that plaintiff was in a state of intoxication and the hospital record contains a notation that plaintiff at the time he fell " evidently was in an alcoholic stupor."

The janitor of premises 201 East 21st Street, who helped remove plaintiff from the basement, could not appear in court,

but it was stipulated that he would have testified that when he saw plaintiff he (the plaintiff) appeared to be intoxicated and had a strong odor of liquor on his breath. The witness John Farrell, who had obtained the aid of others in removing plaintiff from the basement, testified that plaintiff was in an intoxicated condition.

The witness, Mary Farrell (John's wife) claimed that she observed the accident from her front window directly across the street from premises 201. She stated that she saw a man staggering or swaying along the street; that when he reached premises 201, after bumping against an automobile at the curb he staggered across the street to the middle of the fence (that is, the front or southerly part as distinguished from the side or westerly part, where plaintiff claims he fell) and " he tried to lean back, and as he leaned back I saw him topple over head first with his feet up in the air.'' She said she immediately called her husband (John Farrell) who testified that he went to the street, saw plaintiff lying in the basement and hurriedly obtained help.

Nowhere in the record is there any contradiction of the assertion by this witness that it was she who first discovered plaintiff's accident and succeeded in getting help to him. Nevertheless the court refused to give any weight at all to Mrs. Farrell's testimony. The court held her testimony to be incredible, taking the view that plaintiff could not have fallen over the front or southerly railing (where Mrs. Farrell said he fell) since that railing was " some four or four and one-half feet high ''. The court apparently, in reaching its conclusion, accepted an approximation given by a paid investigator for plaintiff's attorney, that the southerly railing was four or four and one-half feet high. This witness admitted that he did not take an actual measurement of the height of the southerly rail. His estimate is conclusively refuted by all the other evidence in the case. A surveyor's report made by the Borough President's office showed that the southerly side of the railing was only three feet high. Moreover, the photographs show that the front railing, as compared with the side railing (admittedly about 21 inches high), could not have been four or four and one-half feet high. It was error to hold Mrs. Farrell's testimony incredible on that ground.

The court also held that Mrs. Farrell's identification of the plaintiff was incredible. However it is clear that on the evening in question there was only one person who fell over this fence and into the basement and that person was the plaintiff. It could not have been anyone else. Consequently the court's finding of incredibility on that score cannot be sustained, par-

ticularly since it was Mrs. Farrell who first called attention to the accident.

If this were solely a question of weighing the testimony of a witness we would of course hesitate to interfere with the court's judgment in that respect. However the question here does not involve the weight of testimony. It involves a flat rejection of the witness' testimony — without weighing it — for reasons which, as indicated, are not supported by the facts. We think there must be a reversal and a new trial. Consequently, since the judgment must be vacated, we do not reach the question as to the insurer's liability under its policy.

For the same reason we do not pass upon the contention of the defendant owners that the judgment over in favor of the City of New York was improper because of the city's failure to serve a copy of the cross complaint in the second of the two actions which were instituted by plaintiff and subsequently consolidated and tried together. This point was not raised below and it is apparent that the trial was conducted by all parties on the assumption that the city was properly asserting its cross complaint against the owners. While there would thus appear to have been a waiver of this objection (*Edwards* v. *Woodruff*, 90 N. Y. 396, 400–401) the disposition of this appeal makes it unnecessary to consider the question.

The judgment should be reversed on the facts and a new trial ordered as to all parties, with costs and disbursements, abiding the event, to appellants and the third-party defendant.

BREITEL, J. P., RABIN, McNALLY, STEVENS and BASTOW, JJ., concur.

Judgment unanimously reversed on the facts and a new trial ordered as to all parties, with costs and disbursements, abiding the event, to appellants and the third-party defendant-respondent.