Joseph Life, J.
Plaintiff, the District Attorney of Nassau County, has in his possession a sum of money previously used as evidence upon a criminal trial against defendant Palmer D. Farrington who had been indicted for the crime of accepting illegal fees as a public officer. The trial resulted in the acquittal of said defendant and plaintiff now seeks to dispose of the evidence (a sum amounting to $8,550). Through this action in interpleader, a judicial determination of the right to possession of the fund is sought.
The complaint alleges that plaintiff is merely a stakeholder of the funds which were turned over to him by Edward P. Bracken, Sr., one of the named defendants; that each of the named defendants, with the exception of the District Director of the Internal Revenue Service of the United States, might be expected to make claim to all or part of the funds by reason of their prior stated position as reflected in testimony given by them before the G-rand Jury or at the criminal trial; that the claim of the District Director to the fund is based upon a tax liability of defendant Edward P. Bracken, Sr. It is requested in the complaint that plaintiff be permitted to deposit the sum of money in court; that upon such deposit he be discharged from further liability; and that the claims among the defendants be adjudicated.
The defendant Palmer D. Farrington, moving on his counterclaim, seeks summary judgment that the funds be awarded to him.
Defendant District Director of Internal Revenue cross-moves to dismiss the complaint as against him for the reason that since the taxes for which he had filed a lien against one of the defendants have now have been paid, the complaint does not state a *906 cause of action against him and he has no further interest in the action. His application is not opposed and it is granted.
There is no need to go into all of the factual detail which is revealed in the complaint and affidavits but reference to certain of the allegations which have been considered by this court in arriving at its decision should be made.
The remaining nine defendants are all individuals except for one corporation. The complaint alleges that six of these individuals delivered a sum of money to the defendant Edward P. Bracken, Sr., who in turn handed it over to the defendant Palmer D. Farrington; the latter thereafter returned a lesser sum to Edward P. Bracken, Sr.; that in testimony before the Grand Jury which was read at the trial of Farrington, Bracken, Sr. said that Farrington told him “ I don’t want it, you keep it ” and then again that Farrington said ‘ ‘ You hold it till this thing is settled.”; that at the trial in the County Court, Bracken, Sr. testified that upon delivering the fund to Farrington he told him it was a campaign contribution; and that at another appearance before the Grand Jury, Bracken, Sr. testified that when he handed the money to Farrington he said it was ‘ ‘ something from the boys.” These allegations have been referred to because what was said may indicate what was in the minds of the participants and thus bears on defendant Farrington’s right to recover.
The corporate defendant and six of the individuals have disclaimed. One defendant has not appeared, answered, or filed a notice of disclaimer. Farrington filed an answer in which he admitted the allegations of the complaint with respect to the origin of the fund though he denied knowledge or information sufficient to form a belief as to the original amount received by Edward P. Bracken, Sr. (the complaint alleges it to have been $11,120; the qualified admission refers to it as $11,200). He admits the allegation of the complaint to the effect that he “ returned ” the money to defendant Edward P. Bracken, Sr. and also the allegations of the complaint with respect to the testimony of Bracken, Sr. He then denies that his codefendants have any claim to the fund and asserts his claim thereto. In his first, separate and distinct defense and counterclaim he alleges that he received a sum of money from Bracken, Sr. and then returned a lesser sum without characterizing the occurrence. He then goes on to say that Bracken, Sr. delivered the money to the District Attorney which was later introduced in evidence at his trial in the County Court; that he was acquitted; that neither the plaintiff nor any of the defendants make any claim to the funds and that “ by reason of the premises ” he “ —is the *907 sole person entitled to receive the said sum — .” There is a second counterclaim which adds nothing to what has already been said. His prayer for relief is that the plaintiff be authorized and permitted to deliver the sum of money to him and that upon such delivery the plaintiff be discharged from liability or in the alternative that the complaint be dismissed and judgment given to him on his counterclaim against the plaintiff.
In his affidavit submitted in support of the present application Farrington alleges facts, most of which so far as relevant, have already been referred to, except that somewhat more detail is supplied with respect to the circumstances preceding the delivery of the fund by Edward P. Bracken, Sr. to him. He says that it was delivered to him as “ a political contribution from some friends and to use it in whatever manner I deemed essential to promote my political advancement.”; that he used part of it until June of 1965 when, some inquiries being made, and “ Belying on the representation of Edward Bracken, Sr. that these monies were a campaign contribution, I returned the balance of said monies —, to him to await the final disposition of the charges which were dismissed and the nature of said monies as campaign contributions has not been disputed in these proceedings.” Plaintiff then relates the fact that all of the defendants except one, have filed disclaimers to the fund. With respect to the defendant who has failed to appear or answer he states his belief that the default is willful and deliberate because that defendant “ has no intention of making any claim to said sum ” without stating the basis for such belief. There is no opposition to Farrington’s motion. The plaintiff filed an affidavit saying that he “ leaves to the discretion of this Court the disposition of the funds herein involved.” Nevertheless, the court is not satisfied that the moving defendant is the owner entitled to receive the same and denies his application for summary judgment.
Summary judgment may be awarded whenever the cause of action is “ established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party.” (CPLB 3212, subd. [b].) The party seeking summary judgment upon an affirmative claim must plead a proper cause of action (McClellan Agency v. Cunningham, Nielsen & Molloy, 22 Misc 2d 372, 374) and has the burden of establishing such cause of action (O’Connor-Sullivan, Inc. v. Otto, 283 App. Div. 269, 272). As previously pointed out herein, defendant’s answer alleges that he returned the funds to defendant Edward P. Bracken, Sr. without reserving any interest therein. He premises his claim to the funds upon two factors: (1) that he has been
*908 acquitted of criminal charges against him; and (2) that no other defendant has made claim to the funds. As to the first premise this court cannot conceive of such circumstance providing the basis of any right to ownership of the funds. With respect to the second premise, two principles render such a claim defective: (a) the absence of other claimants does not entitle a claimant in interpleader to a judgment since he must succeed upon his own rights to the fund (Reiffin v. Independent Order Bnith Abraham, 142 Misc. 569; 48 C. J. S., Interpleader, § 47); (b) the rights of the People of the State of New York must be considered. It is the declared policy of the State, while protecting the interest of the owners, to use unclaimed property for the benefit of all the People of the State (Abandoned Property Law, § 102). Broadly defined, an “ owner ” is “ one who has dominion over that which is the subject of ownership ” (73 C. J. S., Property, § 13). Thus, it is only as against the true owners that the right of the People could be denied and moneys paid into court may be treated as abandoned property (Abandoned Property Law, § 600). In furtherance of this policy the Legislature has repeatedly added categories descriptive of unclaimed property which it desires to reach for the benefit of the People and in 1951 it enacted a provision which appears to have been designed to reach any miscellaneous property held by a person not previously described in enumerated categories (Abandoned Property Law, § 1310). It is apparent, therefore, that the rights of the People preclude a claimant from basing his right to property upon a default of other claimants. Moreover, it should be pointed out that with respect to the defaulting defendant; i.e., the one who has neither appeared nor answered the complaint, there is not yet a default available to the moving defendant. The answer containing the counterclaim upon which this motion is based has not been served upon all defendants, an essential step where new and additional claims are asserted (CPLR. 3012, subd. [a]; 3019, subd. [b]; 3011; New Netherland Bank v. Boucher on Co., 122 Misc. 690; Kaufman v. Mallín, 45 Misc 2d 541).
The defendant acknowledges that the fund was delivered to him conditionally to be used for campaign purposes. He has failed to plead a recognizable cause of action. His affidavit fails to establish a clear legal right to the fund and it may in fact provide the basis for denying distribution of the fund to him.
For the foregoing reasons, the motion is denied. The order to be entered hereon should provide for the dismissal of the action against the District Director. The disposition of this *909 motion is without prejudice to a motion by plaintiff to pay the money into court and to be discharged pursuant to CPLR 1006 (subd. [f]) upon a demonstration that the provisions thereof have been satisfied, including service of all pleadings upon all defendants.