BROWN et al. v. DANFORTH et al.

(Supreme Court, Appellate Division, Fourth Department. February 3, 1899.)

MECHANICS' LIENS—FORECLOSURE—IMPROPER DEFENDANT.

Laws 1885, c. 342, § 17, relating to foreclosure of mechanics' liens, provides that "plaintiff must make the parties who have filed notice of liens against the property, as well as those who have subsequent liens and claims by judgment, mortgage or conveyance, parties defendant." Held, that a prior mortgagee was improperly made a party defendant.

Appeal from Erie county court.

Action by Robert S. Brown and another against Frederick W. Danforth, impleaded with others. Defendant Danforth demurs to the complaint, and, on sustaining the demurrer, judgment was entered in his favor, and plaintiffs appeal. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, and McLENNAN, JJ.

George N. Bauder, for appellants.

August Becker, for respondent.

McLENNAN, J. The action was commenced on the 24th day of July, 1896, to foreclose a mechanic's lien which was filed as against the premises owned by the defendant Comerford on the 24th day of June, 1896. The complaint alleges the filing of such lien, and then alleges that prior to the time when such lien was filed by the plaintiff the defendant Comerford made and executed three several mortgages, which were all made, executed, and recorded prior to the filing of such lien. The complaint demands judgment that the plaintiff be adjudged to have a lien upon the premises in question, and that the defendant Comerford, and all persons claiming under him, be foreclosed of all equity of redemption or other interest in the premises. Third. That a determination may be had as to the validity of the liens and claims set forth in the complaint, and that an adjudication may be had as to the rights of the parties to the action. Fourth. That the interests of the defendant Comerford be sold as provided by law, and that from the proceeds of the sale the plaintiffs be paid the amount of their lien, with costs and expenses of the sale. Fifth. That the plaintiffs have judgment against the defendant Comerford for any deficiency that may remain due them after such sale. The complaint was demurred to by the defendant Danforth, upon the ground that it did not state facts sufficient to constitute a cause of action as to him. Section 17 of chapter 342 of the Laws of 1885, which is known as the "Mechanic's Lien Law," provides:

"Any person or persons, firm or firms, corporation or association filing a notice of lien, or the assignee of such person or persons, firm or firms, corporation or association, after the filing thereof shall be the plaintiff in such action. The plaintiff must make the parties who have filed notice of liens against the property, as well as those who have subsequent liens and claims by judgment, mortgage or conveyance, parties defendant."

In the case of Alyea v. Bank, 12 App. Div. 577, 42 N. Y. Supp. 187, the court say, per Rumsey, J.:

"That statute regulating actions to foreclose mechanics' liens, while it is remedial in its nature, and is to be so interpreted as to permit the plaintiff to obtain all the relief which he can have under its provisions, nevertheless prescribes a scheme for the foreclosure of liens which is obligatory upon the courts, and which must be observed by them. When the action is brought in a court of general jurisdiction, the court, having acquired the right to act pursuant to the statute, may give any relief which it might give in any other action, to the extent of its jurisdiction. But so far as the statute has given directions as to procedure in the action, those directions are binding upon the courts. The section [section 17, c. 342, Laws 1885] which has been cited above contains certain directions as to procedure in the action, and, among other things, it prescribes who shall be parties to it. It is to be noticed that

the only persons who can be made parties are those who are subsequent incumbrancers by mortgage or otherwise."

To the same effect, see Asphalt Co. v. Arnott, 152 N. Y. 591, 46 N. E. 956; Jacobie v. Mickle, 144 N. Y. 237, 39 N. E. 66. The judgment entered upon the decision of the trial justice, sustaining the demurrer of the defendant Danforth, should be affirmed, with costs.

Interlocutory judgment affirmed, with costs, with leave to amend complaint upon payment of costs. All concur, except WARD, J., not voting.