### ARMSTRONG v. FITCH et al.

(Supreme Court, Appellate Division, Third Department. May 18, 1906.)

TOWNS—CLAIMS—ACTION TO SET ASIDE AUDITS—DEFENDANTS.
　　In an action to set aside audits made by a county board of supervisors of claims against a town, and to restrain the collector of the town from paying the audits, the claimants were necessary parties.

Appeal from Special Term, Clinton County.
Action by Emmett Armstrong against Wilmer H. Fitch and others. From an order denying a motion to bring in additional parties defendant, plaintiff appeals.　Order reversed, and motion granted.
Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

D. H. Agnew, for appellant.
W. H. Dunn, for respondents.

CHESTER, J. The action is a taxpayer's action to·set aside certain alleged audits made by the board of Supervisors of Clinton County of claims against the town of Mooers, and to restrain the collector of such town from paying any of such audits. The complaint shows that the ·claimants under these claims were not made parties to the action. The order appealed from denies a motion made by the plaintiff to bring such claimants in as parties, and from such denial plaintiff has appealed.

It was held in Osterhoudt v. Board of Supervisors, 98 N. Y. 239, that in a taxpayer's action to vacate, on the ground of illegality, audits of town accounts, and to restrain the levying of a tax for their payment, the persons in whose favor the audits were made are necessary parties. It appeared on the face of the complaint that there was a defect of parties defendant, because of the absence of the claimants. The defendants, comprising the board of supervisors, demurred to the complaint upon that ground. So that we have here a case where both parties agree in insisting that the claimants should be made parties, yet the court has denied the motion of the plaintiff to bring them in and to authorize the issuing of a supplemental summons for that purpose. It is urged by the respondent that all the relief sought for by the plaintiff upon this motion was accorded to him by the interlocutory judgment sustaining the demurrer. But, while we have the fact that a demurrer was interposed upon the ground stated, there is nothing in this record showing that there has been any hearing or decision of the demurrer. Upon the record before us, therefore, the plaintiff was clearly entitled to have his motion granted.

The order appealed from should be reversed, with $10 costs and printing disbursements to the appellant, and the motion granted, upon the payment of $25 costs by the plaintiff within 20 days after the service of this order. All concur.