EMIL LASKY, Plaintiff, *v.* THE STATE OF NEW YORK and Others, Defendants.

Supreme Court, Rensselaer County, December 10, 1925.

Liens — mechanic's lien on public improvement — priority — surety completed contract on contractors' default — lien filed after contractors made assignment of moneys due or to become due — lienor has superior right to lien for materials furnished as against surety and assignee — surety entitled to moneys withheld by State as against assignee where cost of completing contract exceeded said moneys.

A lienor holding a mechanic's lien against State contractors, in default on their contract, has a prior right to moneys withheld by the State under a clause in said contract permitting the State to withhold a sum of money representing fifteen per cent of the value of the work done and materials furnished up to the time of default until satisfactory evidence had been presented showing there were no outstanding liens or claims under the contract, as against the surety who, on default of the contractors completed the contract, and as against the assignee of the contractors of all moneys due or to become due the contractors under and by virtue of their contract, notwithstanding the fact that the lien was filed after the assignment was made and after the contract was abandoned.

Furthermore, the lienor's right is superior to that of the surety, for when the surety, under its bond with the State, took over the work already done by the contractors and completed the contract, it became subject to the provision

of the contract reciting that fifteen per cent reserved by the State should not be paid until the contractors established that there were no existing liens or claims for materials furnished or labor performed under the contract; the surety's rights were no better than those of the contractors.

As between the assignee and the surety, the surety is entitled to the fifteen per cent withheld by the State together with any further balance due on said contract, less the amount of the lien, since it appears that the completion of the contract by the surety cost more than the amount represented by the fifteen per cent reserved by the State, for the assignee had no greater right than the contractors to the moneys reserved, and the contractors had no rights whatever to the moneys after they had abandoned the contract, the cost of completion of which was not less than fifteen per cent

ACTION to foreclose a mechanic's lien on a public improvement.

*Charles Saleson* [*Jacob I. Goodstein* of counsel], for the plaintiff.

*Albert Ottinger, Attorney-General* [*George W. Davis, Deputy Attorney-General,* of counsel], for the defendant State of New York.

*Jacob I. Goodstein* for the defendant Industries Development Corporation.

*Wallace P. Harvey* [*Thomas E. White* of counsel], for the defendant Fidelity and Deposit Company of Maryland.

COFFEY, J.   The contractors, defendants, partners, entered into a contract with the State of New York through the State Hospital Commission " to furnish the materials and perform the labor required and necessary for electric work Administration and Staff Building * * * at the Brooklyn State Hospital, Brooklyn, N. Y." The contract was made May 20, 1920. On the same day the defendant Fidelity and Deposit Company of Maryland gave its bond to the State conditioned upon the faithful compliance with and performance of all the terms of the contract by the contractors. On November 4, 1922, the contractors assigned to the Industries Development Corporation all the moneys due or to become due them under and by virtue of the said contract. The lien of plaintiff, which he acquired by assignment, is for materials furnished the contractors on or about the 21st day of August, 1923. The lien was filed after the contractors had abandoned and refused to complete their contract.

On April 7, 1924, the contractors wrote the State Architect that they were unable to proceed, or pay others to proceed, with the completion of the contract. On April 9, 1924, the State Architect called upon the bonding company, by letter, to complete the work under the agreement made by the company in its bond. The bonding company completed the work at an expense of $3,100.34. No payments on the contract were made by the State after the default of the contractors. The State now holds the sum of $2,582.31, which is the amount unpaid on the contract.

At the time of the abandonment of the contract by the contractors the value of the work which they had done and of the materials which they had furnished was $7,535, of which they had been paid, according to the terms of the contract, eighty-five per cent, or $6,404.75, leaving a remainder of $1,130.25 to be paid by the State upon the completion of the contract. The sum of $2,582.31 which the State now holds includes the said sum of $1,130.25. The amount, if any, to which the plaintiff is entitled by virtue of his lien is $860.31. It has been stipulated that there is due and owing the assignee, the defendant Industries Development Corporation, for moneys loaned and advanced to the contractors and to the defendant American Fire Service Corporation, by virtue of the assignment,. a sum in excess of the moneys now held by the State.

By the terms of the contract the State agreed to " make payments of 85 per cent of the value of the materials and work incorporated in the building, as certified by the State Architect, as the work progresses, and the balance upon the satisfactory completion of the contract when so certified by the State Architect." At the time of the default of the contractors they had been paid eighty-five per cent of the value of the materials furnished and the work done pursuant to the contract. The remaining fifteen per cent was not payable until the completion of the contract by them, nor until they " had furnished satisfactory evidence that there are no outstanding liens or claims for materials furnished or labor performed for the said work."

There is sought to be determined in this action the respective rights of the assignee, the lienor and the surety on the bond in the moneys now held by the State and payable under the contract. No question is raised as to the validity or the filing of the assignment or the lien. The question is one of priority among the parties.

The assignee claims that, by virtue of its assignment, it is entitled to the whole amount now held by the State and unpaid on the contract, and if it be not entitled to the whole amount then it is entitled to the fifteen per cent of the value of the work done and materials furnished up to the time of the default, and which has not been paid by the State.

The lienor claims that he is entitled to the payment of his lien in full.

The surety company claims that it is entitled to the whole amount because the sum expended by it to complete the contract was greater than the remainder of the moneys now held by the State under the contract.

The assignee contends that the fifteen per cent withheld by the

State, for work and materials furnished prior to the default, was " due " at the time of the default, although not " payable " until the completion of the contract. There is nothing in the contract which supports such a contention. The certificates issued by the State Architect, which were offered in evidence, contain the printed words " Work executed to date," then specifying the value, and underneath those words, and in print also, " 85% *due* contractor," with a place for the amount following. The fifteen per cent which was withheld by the State would become due only when the contractors would have fulfilled the conditions imposed on them by the contract, namely, to complete the contract and to furnish satisfactory evidence that there were no outstanding liens or claims for materials furnished or labor performed on the work. It might never be due if they did not complete the contract and furnish the required evidence.

In support of the contention of the assignee that it is entitled to all the moneys now held by the State under the contract it cites *Maneely* v. *City of New York* (119 App. Div. 376, 384): " Doubtless Kieley [the surety] was under no legal obligation to the lienors to complete the work; but when he elected to complete it as surety, to protect himself against liability on his contract of suretyship, it is in law deemed a completion by his principal, and the rights of the lienors attached to the fund upon the theory that it has been earned under the contract in the performance of which they furnished labor or material. The lien covers moneys due, and to grow due, under the contract; and if the principal had completed, he would not have been entitled to the balance until the liens were paid, and when the surety completes as such under the same contract, he merely steps into his principal's shoes and is entitled to receive what the latter would have received had he completed."

In support of the contention of the surety company that it is entitled to all the moneys now held by the State under the contract it cites *Merchants National Bank* v. *Long* (113 Misc. 84, 90): " Even if what has been said were not so, the defendant's claim must be sustained upon the doctrine of subrogation. If the city had, itself, completed the contract and made the same payments that the surety company made, there would have been nothing to which the plaintiff's assignment could attach. When the surety company, pursuant to the obligation of its bond, completed the contract and made the payments to lienors, instead of the city doing so, it stood in the city's place."

It will be observed in the *Maneely* case that the court held that the right of *lienors* attached to the fund upon the theory that it had been earned under the contract in the performance of which

they furnished labor or material, but it did not pass upon the rights of an assignee of a principal contractor who had defaulted.

But in the *Merchants National Bank* case, as in the case at bar, the funds advanced by the assignee were not shown to have been used in any part of the contract; and in that case the bond of the surety was conditioned upon the contractor " well and truly paying for all material used and services rendered in the execution of the contract." There was no such provision in the bond of the surety company in this case, but the bond was given upon the condition that " the said Principal shall well, truly and faithfully comply with and perform all of the terms, covenants and conditions of said contract on its (their) part to be kept and performed," and one of the terms or conditions of said contract is that the State would not make the final payment on the contract until the contractors had " furnished satisfactory evidence that there are no outstanding liens or claims for materials furnished or labor performed on the said work."

Whether or not the surety ever became subrogated to the rights of the State it could not become so subrogated until it had fulfilled the obligations of its principal, and it could not fulfill the obligations of the principal until it had complied with the requirement of the contract, namely to furnish the evidence demanded by the contract. The contractors were obligated to establish that there were " no outstanding liens or claims for materials furnished or labor performed on said work." And if it be held that the surety company was the agent of the contractor it would be obligated to furnish such evidence, and if it be held that it succeeded by the equitable doctrine of subrogation to the rights of the State it would be under a like obligation because the subrogation would not be consummated until the terms of the contract had been fulfilled. Therefore, the plaintiff is entitled to payment of his lien, at least as against the claim of the surety.

Is the assignment a lien? Section 16 of the Lien Law (added by Laws of 1911, chap. 873, as amd. by Laws of 1916, chap. 507),* which provides for the filing of assignments relating to contracts for public improvements, was enacted for the benefit of lienors, not for the benefit of assignees. Prior to the enactment of that section an assignment of all moneys due or to become due under a contract would create a right to those moneys superior to that of a lien which had been filed. And this was so although the assignment were secret and were never filed. The section cited was designed to prevent by statute that which was possible under the substantive

* Since amd. by Laws of 1925, chap. 624.— [REP.

law.  (*Edison Electric Illuminating Co.* v. *Frick Co.*, 221 N. Y. 1.) If that section be intended to protect those who had liens for materials furnished and work performed it would seem to be defeating its purpose to hold that an assignment though filed before a lien would have a superior right to the lien, in the absence of proof that the moneys advanced by virtue of the assignment were used in the performance of the contract.  It is unnecessary to decide the question.  It is clear that the assignment is not a statutory lien.  And the contractors never filed a lien.  The contractors abandoned their contract.  If they had not made an assignment of the moneys due or to become due them under the contract they would not now be entitled to any money unless (a) at the time of the default there was money then due them by the terms of the contract, or (b) they had substantially complied with the terms of the contract and there would be a remainder unpaid on the contract price after deducting a sum necessary to complete it, or (c) after the default the owner did not cancel the contract, though not substantially performed but elected to complete it according to its terms and the cost of completion was less than the amount unpaid on the contract price.  I have held that there was no money due the contractors at the time of the default.  There is no claim that they substantially performed the contract.  The State did not cancel the contract, but the surety undertook to complete it according to its terms; and the cost of completion was greater than the moneys unpaid on the contract.  If there were no assignment the contractors would not be entitled to the moneys now held by the State.  They would belong to the surety.  The assignment had the effect of transferring to the assignee the title which the contractors had in the moneys which were due or to become due them.  There was no assignment of the contract.  After the default there were never any moneys due the contractors, and their assignee could not acquire any greater right than they had to the moneys thereafter to be paid on the contract.  It is not correct to say that the surety company completed the contract as *agent* of the contractors.  It was a principal dealing through its contract, *i. e.*, its bond, with the State — a coprincipal with the contractors. The relationship between the contractors and the surety company was never that of principal and agent, but of principal and surety. When the principal defaulted on the contract the surety company, on its contract (the bond) stepped in to do that which it had agreed to do in case the principal defaulted.  By its doing so the contractors acquired no rights which they did not have at the time of the default and their assignee succeeded to none.  It follows, therefore, that the surety has a right to the moneys as against the

assignee but such right of the surety is subject to the right of the lienor to have his lien paid in full.

I decide that the assignee is not entitled to any of the moneys unpaid on the contract, that the lienor is entitled to the payment of his lien to the extent of the stipulated sum, $861.30, and that the surety company is entitled to the remainder.

Findings may be submitted and a decree entered accordingly.