Charles A. Loreto, J.
The defendants move for dismissal of the first and second canses of action for legal insufficiency or, in the alternative, for an order directing that the plaintiff bring in as a party defendant the owner of the public improvement against which a lien is claimed. It is alleged in the first cause of action that plaintiff was engaged by the defendant LaskerG-oldman Corporation as subcontractor with respect to the contract held by that defendant with the City of New York Board of Higher Education. Before construction was completed and accepted, plaintiff filed on May 20, 1958 a notice of mechanic’s lien with the Comptroller of the City of New York and with the board and served a copy thereof upon the defendant LaslcerG-oldman. At the time of such filing plaintiff had duly performed and had so far completed the contract on its part that it became entitled to a payment of at least a stated amount. After such filing and pursuant to an order of this court the lien was discharged upon the filing of an undertaking by the defendant American 'Surety Company of New York. The lien was thereupon marked cancelled of record. Finally, it is alleged that no other action has been brought to recover any part of *554 plaintiff’s claim and no person other than the plaintiff claims to have a mechanic’s lien against the premises.
In the second canse of action it is alleged that defendant Lasker-Goldman ‘ ‘ breached its contract with plaintiff by obstructing and delaying the commencement and/or prosecution and/or completion of the work undertaken by the plaintiff for Lasker-Goldman Corporation under said contract As a result thereof plaintiff sustained damages in a stated sum.
With respect to the first cause of action the defendants contend that it is deficient for failure to allege that at the time of filing of the notice of lien a sum at least equal to the amount of the claim was due to the prime contractor from the owner under the principal contract. This is so, because the plaintiff must establish the existence of a fund against which the lien can attach. (Maneely v. City of New York, 119 App. Div. 376.) Also it is contended that section 44 of the Lien Law requires the joining of the owner as a necessary party in an action to enforce a mechanic’s lien against a public improvement. This has not been done and is required. (Harley v. Plant, 210 N. Y. 405.) The nature of the suit has not been changed by the bonding of the lien. The first cause of action is insufficient as to the defendant American Surety Company of New York. This court would permit a cause of action against Lasker-Goldman for the recovery of a simple debt to stand and allow the plaintiff, if it so desires, to amend with respect to the first cause of action as against Lasker-Goldman as well as against American Surety, were it not for the decision and order of Mr. Justice Markewich dated December 30, 1959. If it were not intended to preclude such relief, that decision and order should be clarified.
With respect to the second cause of action, plaintiff urges that it sets forth ultimate facts. Apart from the impropriety of alleging in the alternative by the device of “ and/or ”, the allegations of paragraph 16 of the complaint are wholly conclusory. In addition, plaintiff must allege due performance or set forth the ultimate facts preventing a completion on its part. Since plaintiff is required to serve an amended complaint, the relief sought in the alternative is denied at this time with leave to renew if deemed necessary upon the service of the further amended complaint.
The motion is granted dismissing the first cause of action against the defendant American Surety Company of New York and dismissing the second cause of action and the application for dismissal of the first cause of action against Lasker-Goldman is denied. The amended complaint will be served within 20 days from service of a copy of this order, with notice of entry.